O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CHARLES ALEXANDER BOYD,<br><br>    Petitioner,<br><br>    v.<br><br>RIVERSIDE COUNTY SUPERIOR COURT, et al.,<br><br>    Respondent. | Case No. EDCV 11-1998-JVS MLG)<br><br>MEMORANDUM AND ORDER APPOINTING COUNSEL AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND |

    Charles Alexander Boyd is a state pretrial detainee, currently incarcerated in the Riverside County Jail. He filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on December 15, 2011. As best that the Court can determine from the pleadings, Petitioner was awaiting trial on a variety of state criminal charges. At some point during pretrial proceedings, the trial court revoked Petitioner's bond. Later, the trial court instituted competency proceedings under Cal. Penal Code § 1368. According to Petitioner, he was found incompetent to stand trial and was ordered to be hospitalized at Patton State Hospital. Petitioner claims that the revocation of bond and the finding of incompetence to stand trial violated his federal constitutional rights.

Meanwhile, it appears that in early November 2011, while incarcerated, Petitioner was diagnosed with cancer of the liver. It may be that Petitioner is claiming a denial of adequate medical treatment, but that is not clear from the pleadings nor apparent from the partial medical record which is attached to the petition, which shows that Petitioner was offered surgery to remove the malignancy, but that he refused without a second opinion.

Petitioner claims that on December 7, 2011, he filed a petition for writ of habeas corpus in the Riverside County Superior Court challenging the competency determination, the revocation of bond, and the denial of medical care. He also asserts a denial of his right to a speedy trial based on the incompetency finding, and his placement in the state hospital. The record shows that a hearing is set for January 23, 2012, on the state court habeas corpus petition.

The current petition for writ of habeas corpus is defective in that it names an improper Respondent. The proper Respondent is the official having custody of the prisoner. Moreover, the claims in the petition clearly are not exhausted, thereby precluding relief under section 2254. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Finally, it would appear that consideration of the petition is barred by the decision in *Younger v. Harris*, 401 U.S. 37, 43-54 (1971).

Moreover, to the extent that Petitioner is challenging his medical care, such a claim may not be brought by way of a petition for writ of habeas corpus. A federal court can grant habeas corpus relief to a petitioner "only on the ground that he or she is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The writ is limited to attacks upon the legality or duration of confinement. *Crawford v. Bell*, 599

F.2d 890, 891 (9th Cir. 1979) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484-86 (1973)). Habeas corpus is a proper vehicle to raise a claim which, if successful, would entitle a prisoner to an immediate or speedier release from custody. A claim that challenges the conditions of a prisoner's confinement or other unconstitutional conduct under color of state law must generally be addressed by filing a civil rights action pursuant to 42 U.S.C. § 1983. *See Wolff v. McDonnell*, 418 U.S. 539, 554, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); *Preiser*, 411 U.S. at 499-500; *Ramirez*, 334 F.3d at 856-59; *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("A civil rights action, in contrast [to a habeas petition], is the proper method of challenging 'conditions of . . . confinement.'")

Notwithstanding the apparent futility of this cause of action, outright dismissal is not warranted. Where it appears that a pro se litigant in a civil lawsuit might be incompetent, it is improper for a district court to dismiss an action without providing for the protection of the incompetent person. Fed.R.Civ.P. 17(c); *Allen v. Calderon*, 408 F.3d. 1150, 1153 (9th Cir. 2005). Accordingly, it is ordered that the Federal Public Defender be appointed to represent Petitioner in this action. If Petitioner is in fact incompetent, it may be appropriate to appoint a guardian ad litem to represent Petitioner's interests. If a guardian ad litem has been appointed by the state courts, that person will be considered to act in the same capacity in this Court.

The petition shall be dismissed without prejudice for the reasons stated above. Counsel for Petitioner shall have until February 10, 2012, in which to file a motion for appointment of a guardian ad litem or a first amended petition for writ of habeas

corpus.

Counsel shall also advise the Court at that time as to whether Petitioner requires additional counsel to prosecute a separate action under 42 U.S.C. § 1983.

Dated: December 20, 2011

_____
Marc L. Goldman
United States Magistrate Judge

# NOTICE PARTY SERVICE LIST

**Case No.** EDCV11-1998-JVS (MLG)  **Case Title** Charles Alexander Boyd v. Riverside Co. Superior Court

**Title of Document** Memorandum and Order Appointing Counsel and Dismissing Petition, etc.

|   |   |
|---|---|
|   | ADR |
|   | BAP (Bankruptcy Appellate Panel) |
|   | BOP (Bureau of Prisons) |
|   | CA St Pub Defender (Calif. State PD) |
|   | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
|   | Case Asgmt Admin (Case Assignment Administrator) |
|   | Chief Deputy Admin |
|   | Chief Deputy Ops |
|   | Clerk of Court |
|   | Death Penalty H/C (Law Clerks) |
|   | Dep In Chg E Div |
|   | Dep In Chg So Div |
| ✓ | Federal Public Defender |
|   | Fiscal Section |
|   | Intake Section, Criminal LA |
|   | Intake Section, Criminal SA |
|   | Intake Supervisor, Civil |
|   | MDL Panel |
|   | Ninth Circuit Court of Appeal |
|   | PIA Clerk - Los Angeles (PIALA) |
|   | PIA Clerk - Riverside (PIAED) |
|   | PIA Clerk - Santa Ana (PIASA) |
|   | PSA - Los Angeles (PSALA) |
|   | PSA - Riverside (PSAED) |
|   | PSA - Santa Ana (PSASA) |
|   | Schnack, Randall (CJA Supervising Attorney) |
|   | Statistics Clerk |

|   |   |
|---|---|
|   | US Attorneys Office - Civil Division -L.A. |
|   | US Attorneys Office - Civil Division - S.A. |
|   | US Attorneys Office - Criminal Division -L.A. |
|   | US Attorneys Office - Criminal Division -S.A. |
|   | US Bankruptcy Court |
|   | US Marshal Service - Los Angeles (USMLA) |
|   | US Marshal Service - Riverside (USMED) |
|   | US Marshal Service -Santa Ana (USMSA) |
|   | US Probation Office (USPO) |
|   | US Trustee's Office |
|   | Warden, San Quentin State Prison, CA |

***ADD NEW NOTICE PARTY***
*(if sending by fax, mailing address must also be provided)*

Name:

Firm:

Address *(include suite or floor)*:



*E-mail:

*Fax No.:

\* For CIVIL cases only

***JUDGE / MAGISTRATE JUDGE (list below):***




**Initials of Deputy Clerk** ts

G-75 (08/08)   NOTICE PARTY SERVICE LIST